■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE ARMOUR, Appellant.— Judgment, Supreme Court, Bronx County, rendered on March 15, 1973, convicting defendant, upon his plea of guilty, following a hearing on and the denial of his motion to suppress, of the crimes of criminal possession of a dangerous drug in the third and sixth degrees and criminal use of drug paraphernalia in the second degree, unanimously reversed, on the law, motion to suppress granted and indictment dismissed. It is settled law that admissibility of evidence seized in a search incident to an arrest depends on the legailty of the arrest. (*People* v. *Floyd*, 26 N Y 2d 558.) When this defendant's automobile was stopped by the officers with drawn guns, his freedom was curtailed and an arrest effected. (*People* v. *Shivers*, 21 N Y 2d 118.)

This was unlike those cases where the police have the right to approach persons for the purpose of routine investigations. There is a difference between probable cause to arrest on the one hand and the right of a police investigation on the other. Suspicion, standing alone, is not probable cause justifying an arrest. In this connection attention is called to the testimony of the arresting officer, as found in the record: "Q. Why did you stop Mr. Armour's car? A. As a result of an investigation * * * Q. What was the nature of the investigation that caused you, and I mean you and the other officers, to stop Mr. Armour's car at that particular place and at that particular time, on June 29, 1972? A. It was the result of a narcotics investigation. Q. In other words, he was a target, wasn't he, of a narcotics investigation? A. I suppose you might be able to assume that, sir. I don't know if the terminology 'target' is correct. Q. In the driving of the car, did he do anything to attract your attention which would cause you to normally stop his car? A. No, sir. Q. You were looking for narcotics, weren't you? A. Yes, sir." It is obvious that the arrest of the defendant was illegal and was not based on probable cause. It was used as a pretext to search for evidence to justify the arrest. Similarly, all that followed thereafter, including the search of the home, allegedly on consent, was equally illegal and could not be the basis of prosecution. (See William E. Ringel, Searches and Seizures, Arrests and Confessions, § 215.) Concur — Nunez, J. P., Lupiano, Capozzoli, Lane and Yesawich, JJ.