■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANA LEE BRUEN and WESLEY CARLTON FISHER, Appellants.— Appeals by the defendants from two judgments (one as to each of them) of the County Court, Westchester County (Delaney, J.), both rendered August 28, 1981, convicting them of manslaughter in the first degree, upon jury verdicts, and imposing sentences.

Judgments affirmed.

The defendants Bruen and Fisher brought the lifeless body of Bruen's four-year-old daughter to the Peekskill Community Hospital emergency room claiming that she had fallen down the stairs. When emergency room personnel observed numerous bruises all over the child's body the police were called. While separate interviews were conducted with each defendant, police officers were dispatched to Bruen's apartment house where she claimed a neighbor was taking care of her other two children. Upon learning that the six-year-old twins were not with the neighbor but were alone in Bruen's apartment, the officers had the neighbor coax the children into opening the door. As the neighbor dressed the children, the officers stood in the hallway just inside the door and observed a wooden paddle which the neighbor said she had seen Bruen use to hit her deceased child. The officers' seizure of the paddle, in plain view from where they stood inside the apartment, was not in violation of the defendants' 4th Amendment rights due to the emergency requiring their presence, i.e., to ensure the safety of Bruen's other children (see, People v Mitchell, 39 NY2d 173, 177-178, cert denied 426 US 953; People v Friedman, 95 AD2d 862).

We find no evidence that the defendants' statements to the police were involuntary and note that each written statement is preceded by a signed waiver of constitutional rights. The

defendants' admissions of hitting the child, the medical evidence and the testimony of several neighbors and baby-sitters who witnessed acts of abuse by both defendants on the child, negated the defenses of accident and mistake and more than adequately established the requisite intent to inflict serious physical injury to support the verdicts.

We have examined the defendants' other contentions and find them to be without merit. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.