■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GIPSON, Appellant.—Judgment unanimously affirmed. Memorandum: The sentencing court properly adjudicated defendant a second felony offender. Contrary to defendant's claim, his prior felony conviction was not obtained in violation of his constitutional rights *(see,* CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9). Moreover, defendant's claim that he was denied the effective assistance of counsel with respect to his prior felony conviction is lacking in merit. Defendant has proffered no facts in support of this claim. Our review of the record reveals that defendant's attorney provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 146-147). The People filed a second felony offender statement at the time of the prior conviction, which defense counsel controverted. A second felony offender hearing was held, at which time counsel argued that defendant's prior Federal conviction should not be used as a predicate felony. Additionally, counsel moved the court for leave to permit defendant to withdraw his guilty plea. (Appeal from judgment of Erie County Court, McCarthy, J.—grand larceny, third degree.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.