■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILLIAMS, Appellant. (Appeal No. 1.) [595 NYS2d 588] — Judgment unanimously reversed on the law, motion granted in part and new trial granted. Memorandum: The suppression court erred in denying defendant's motion to suppress his statement to the police and items of tangible property seized from his person as the fruits of an illegal arrest. Defendant's warrantless arrest was not supported by probable cause and, thus, all evidence obtained as the result of his arrest should have been suppressed *(see, Dunaway v New York,* 442 US 200; *Brown v Illinois,* 422 US 590).

In the early morning hours of April 28, 1990, several Rochester police officers were conducting surveillance of an area where a number of recent burglaries had occurred. At approximately 3:15 A.M., defendant and another man were observed entering the "target area" on foot from the Ford Street Bridge. Forty-five minutes to an hour later, officers in the burglary detail saw defendant and his companion leaving the area by the same route. At that time, defendant was carrying a cardboard box and was riding on a bicycle with the other man.

When the two men reached the opposite side of the Ford Street Bridge, two uniformed police officers in a marked patrol car approached them. Defendant's companion, who was pedaling the bicycle, increased speed. When the patrol car pulled into a driveway, blocking their path, both men fell off the bicycle. Defendant made no attempt to flee and was immediately apprehended by one of the uniformed officers. The officer conducted a pat-down search for weapons and found bingo markers. After providing his name to the officer, defendant was placed in the back of the patrol car.

After defendant was seated in the patrol car, the police investigator leading the undercover burglary detail instructed two of his officers to return to the area where defendant had been observed and "attempt to locate a burglary." After brief questioning regarding his acquisition of the bicycle and the contents of the box, defendant was transported to the Public Safety Building. There, defendant was searched and items of

tangible property were seized from him. Defendant also gave a statement admitting his participation in three burglaries.

We reject the People's contention that defendant's arrest was supported by probable cause. At the time of the arrest, the police admittedly had no knowledge that any crime had been committed. Defendant's possession of the turntable in the box and the bicycle, his companion's apparent attempt to flee when the police approached, and his presence in an area plagued by burglaries late at night may be sufficient to support a reasonable suspicion that defendant had committed a crime (see, People v Hollman, 79 NY2d 181, 184-185; People v De Bour, 40 NY2d 210, 223). More than suspicion, however, is required to justify a warrantless arrest (see, People v Wharton, 60 AD2d 291, affd 46 NY2d 924, cert denied 444 US 880; People v Armour, 46 AD2d 872).

The information necessary to establish probable cause was not acquired until after defendant's arrest. Defendant was taken into custody and transported to the Public Safety Building while the police were engaged in an "attempt to locate a burglary." The fact that the police were ultimately successful does not justify defendant's arrest. The police are not at liberty to arrest and hold a suspect while they search for evidence sufficient to justify their action (see, People v Battaglia, 56 NY2d 558; People v Henley, 53 NY2d 403).

The record fails to support the suppression court's alternative conclusion, that the police were justified in placing defendant in temporary, nonarrest detention (see, People v Hicks, 68 NY2d 234, 240). The circumstances do not involve the type of brief or temporary detention and transport of a suspect for identification contemplated by Hicks. (Appeal from Judgment of Monroe County Court, Connell, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Ballo, Lawton and Doerr, JJ.