■ In the Matter of IRIS ROMAN, Petitioner, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [603 NYS2d 856] —Determination of the respondent, New York City Police Department, dated October 23, 1991, terminating the petitioner's employment, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by the order of Supreme Court, New York County [Beverly Cohen, J.], entered on or about April 9, 1992), is dismissed, without costs or disbursements.

Petitioner, despite indicating that she would respond to her tour of duty, albeit late, never appeared. After numerous telephone calls from friends, co-workers and supervisors, and an attempt to enter petitioner's apartment by a friend, police were provided a key to her apartment by the building manager and gained entry. They observed petitioner unconscious on the couch, apparently intoxicated, and a bottle of rum on the floor. After regaining consciousness, she went to change, leaving her fellow officers in the living room, where they observed a straw and cocaine residue in plain view. This residue and the positive results of a urine test constitute substantial evidence sufficient to support the termination of employment. That the police were beneficially motivated in

entering the apartment is conceded by petitioner. Under the standards set forth in *People v Mitchell* (39 NY2d 173, *cert denied* 426 US 953), the emergency doctrine justified the warrantless entry. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.