■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MANNING, Appellant. [756 NYS2d 58] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered February 5, 2001, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and

imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At approximately 4:00 A.M. on June 11, 1999, during a heated argument inside a Brooklyn apartment, the defendant stabbed his girlfriend in the back of her head. The defendant then walked away from the scene and went to a small store around the corner, where he was later located and arrested.

The first investigating detective arrived at the scene of the crime a short while later and was told that the victim's body had been found immediately outside the defendant's apartment door. This detective subsequently learned from the defendant's brothers and sister-in-law that the defendant and his girlfriend had been drinking all day with a second woman, whose whereabouts were unknown. As a result of this information, the detective thought that this second woman might still be inside the defendant's apartment, injured and unable to obtain help. Consequently, he asked the defendant's sister-in-law, who was also one of the building's superintendents, for access to the defendant's apartment. Upon gaining access, the detective looked inside the one-room apartment, but did not see anyone. However, the detective did observe a bloody knife. The detective secured the scene and immediately left to obtain a search warrant, which was executed shortly after it was signed. The police recovered the bloody knife, as well as four broken sticks.

The defendant moved to controvert the search warrant and suppress the evidence recovered from his apartment. After a hearing, the Supreme Court found that the investigating detective's entry into the apartment was justified under the emergency exception to the warrant requirement. The defendant contends that the investigating detective would have burst into his apartment if he truly believed that there was an emergency, and his waiting for the superintendent to get dressed and unlock the apartment indicated that he had no such belief. The defendant also contends that there was no objective evidence to support the detective's belief that there was an emergency in the apartment. These contentions are without merit.

The Court of Appeals has recently rejected a contention that the failure of the police to burst into an apartment indicates that there was no true emergency. In *People v Molnar* (98 NY2d 328, 334), the Court upheld a warrantless entry into an apartment, holding that "[d]efining an emergency with the rigidity

defendant proposes may encourage police—so as to give their actions the appearance of an emergency—to break in prematurely * * * The appropriately measured response of the police should not be declared illegal merely because they thoughtfully delayed entry for a relatively brief time."

The facts were sufficient to support the detective's belief that there might have been an injured woman in the defendant's apartment (*see People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953; *People v Mateos,* 255 AD2d 401; *Matter of Roman v New York City Police Dept.,* 198 AD2d 143; *People v Collins,* 134 AD2d 607; *People v Bruen,* 119 AD2d 685; *Pari v City of Binghamton,* 57 AD2d 674). Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.