THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE R. CLARK, Appellant. [788 NYS2d 800]—

Appeal from a judgment of the Niagara County Court (Amy J. Fricano, J.), rendered October 27, 1998. The judgment convicted defendant, upon two jury verdicts, of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, burglary in the first degree (two counts), robbery in the third degree, assault in the third degree and criminal trespass in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court granted defendant's severance motion, and defendant now appeals from a judgment convicting him following the first jury trial of burglary in the first degree (Penal Law § 140.30 [2]), assault in the third degree (§ 120.00 [1]) and criminal trespass in the second degree (§ 140.15), and

following the second jury trial of burglary in the first degree (§ 140.30 [2]), rape in the first degree (§ 130.35 [1]), sodomy in the first degree (former § 130.50 [1]), sexual abuse in the first degree (§ 130.65 [1]), and robbery in the third degree (§ 160.05). The court properly denied the motion of defendant to suppress evidence seized from an apartment where he was staying. The police lawfully entered that apartment based on exigent circumstances (*see People v Calloway*, 278 AD2d 874, 874-875 [2000], *lv denied* 96 NY2d 757 [2001]). The police had information that, within a short period of time, defendant committed violent crimes against two women after forcing his way into their homes, and there was an immediate danger of defendant escaping from the apartment and continuing his crime spree (*see generally People v Mealer*, 57 NY2d 214, 218-219 [1982], *cert denied* 460 US 1024 [1983]). After searching the apartment for defendant, the police obtained the consent of the tenant to conduct a further search for evidence connecting defendant to the crimes (*see generally Calloway*, 278 AD2d at 874-875).

By failing to move to suppress the evidence obtained from the blood and hair samples taken from him, defendant failed to preserve for our review his further contention that the court erred in ordering that the blood and hair samples be taken from him (*see People v Wooten*, 283 AD2d 931, 932 [2001], *lv denied* 96 NY2d 943 [2001]). In any event, "there is no basis here to disturb the court's determination that there was probable cause to order the blood [and hair] sample[s]" and to require defendant to participate in a lineup identification procedure (*id.*; *see People v Shields*, 155 AD2d 978 [1989], *lv denied* 75 NY2d 818 [1990]; *see generally Matter of Abe A.*, 56 NY2d 288, 297-298 [1982]). The court properly relied upon the hearsay information provided by the People in determining that there was probable cause to obtain the blood and hair samples and to require defendant to participate in a lineup identification procedure (*see People v Afrika*, 13 AD3d 1218 [2004]; *People v Martinez*, 298 AD2d 897, 898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]). The court also properly determined that the photo array was not unduly suggestive (*see People v Williams*, 5 AD3d 1043, 1044 [2004], *lv denied* 2 NY3d 809 [2004]; *People v Quinones*, 5 AD3d 1093 [2004], *lv denied* 3 NY3d 646 [2004]; *see generally People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Because the photo array was not unduly suggestive, the People were not required to establish that one of the victims had an independent basis for her in-court identification of defendant (*see People v Gipson*, 194 AD2d 847, 848 [1993]; *see generally Chipp*, 75 NY2d at 335).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction resulting from the first trial (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant preserved for our review only that part of his further contention that the evidence is legally insufficient to support the conviction resulting from the second trial to the extent that he contends that the victim was not credible, and we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, we reject his contention that the verdict in each trial is against the weight of the evidence (*see generally id.*). The court properly adjudicated defendant a second violent felony offender. Contrary to the contention of defendant, "his prior felony conviction was not obtained in violation of his constitutional rights" (*People v Gipson*, 152 AD2d 941, 941 [1989]; *see* CPL 400.15 [7] [b]). The sentence is not unduly harsh or severe. Finally, defendant failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Kehoe, Gorski, Pine and Hayes, JJ.