■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN E. ORTIZ, Appellant. [817 NYS2d 804]—

Appeal from a judgment of the Livingston County Court (Gerald J. Alonzo, Jr., J.), rendered August 25, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, those parts of the motion seeking to suppress the statement and physical evidence are granted, the indictment is dismissed and the matter is remitted to Livingston County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We agree with defendant that the police lacked probable cause for his warrantless arrest and that County Court thus erred in refusing to suppress his statement to the police and the cocaine seized from his home as the fruits of the unlawful arrest. The record of the suppression hearing establishes that the police stopped the vehicle driven by defendant based on their belief that defendant was on his way to deliver drugs to an informant. The informant had allowed the police to listen to three telephone calls placed by the informant to defendant, wherein the informant arranged for the purchase of cocaine in the amount of $200. The police searched both defendant's person and vehicle and found no cocaine. Five police officers were present at the scene, and a detective from the Sheriff's office who arrived at the scene following the search asked defendant to sit in the police vehicle. Although defendant was not handcuffed, the questioning of defendant was accusatory, not investigatory. Defendant thereafter consented to the search of his home and signed a statement in which he admitted that he sold drugs.

The record establishes that the police lacked probable cause for the roadside arrest inasmuch as the search of defendant's person and vehicle did not result in the recovery of any illegal substances or any other basis upon which to arrest defendant. "More than suspicion . . . is required to justify a warrantless arrest," and we thus conclude that defendant's statement to the police and the cocaine seized from defendant's home must be suppressed as the fruits of the unlawful arrest (*People v Wil-*

*liams*, 191 AD2d 989, 990 [1993], *lv denied* 82 NY2d 729 [1993]). Indeed, we note that the People do not contend on appeal that the police had probable cause for a roadside arrest but, rather, they contend that the police arrested defendant only after drugs were found at his home following his consent to that search and defendant had signed a statement in which he admitted that he sold drugs. "The fact that the police were ultimately successful does not justify defendant's arrest. The police are not at liberty to arrest and hold a suspect while they search for evidence sufficient to justify their action" (*id.*). Present—Pigott, Jr., P.J., Gorski, Green and Pine, JJ.