■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIE WHITE, Respondent. [841 NYS2d 352]—

Appeal by the People from an order of the Supreme Court, Queens County (Aloise, J.), dated May 23, 2006, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement overheard by law enforcement officials.

Ordered that the order is affirmed.

The hearing court correctly granted those branches of the defendant's omnibus motion which were to suppress physical

evidence and his statement overheard by law enforcement officials. The defendant's arrest was precipitated by a police officer's seizure of a firearm contained in a velvet bag. At the suppression hearing, Police Officer Carman testified that the bag was located between the driver's side seat and the driver's side front door, and thus was in plain view when he shined the flashlight into the interior of the car. On the other hand, the defendant testified that Officer Carman got down on his knees, placed his hands underneath the front seat of the car, and retrieved the bag from underneath the seat. In its suppression ruling, the hearing court credited the defendant's testimony that the gun was recovered from beneath the seat. In doing so, the court made a credibility assessment which is entitled to great deference on appeal (*see People v Sutherland*, 40 AD3d 890 [2007]). We see no reason to disturb that finding. Accordingly, the bag containing the gun was not in plain view, and its seizure under the circumstances presented was unlawful (*cf. People v Robinson*, 38 AD3d 572 [2007]). The gun was properly suppressed.

Furthermore, since the statement the defendant made at the precinct, which was overheard by the police, was the fruit of an unlawful arrest, it properly was suppressed as well (*see People v Ortiz*, 31 AD3d 1112 [2006]). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.