THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW L. STEVENS, Appellant. [871 NYS2d 525]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Contrary to the contention of defendant, Supreme Court properly determined that the police were justified both by exigent circumstances and by the emergency doctrine to enter his home without a warrant. The police responded promptly to the scene of a shooting and were advised by an unidentified citizen and by the victim's mother, who was holding her fatally wounded son, that the person who shot the victim had entered the house across the street. The victim's mother identified defendant by name. The gun was not located at the scene of the shooting, and the police did not know whether defendant was able to leave the house other than by the door through which he entered. We thus conclude that, "in light of the gravity of the crime, the suspect's [likely] possession of and willingness to use a gun, and the [possibility] of his attempting to escape," the court properly determined that exigent circumstances existed to permit the warrantless entry into defendant's

home (*People v Mealer*, 57 NY2d 214, 219 [1982], *cert denied* 460 US 1024 [1983]; *see People v Clark*, 15 AD3d 864, 865 [2005], *lv denied* 4 NY3d 885, 5 NY3d 787 [2005]). We further conclude that the emergency doctrine is applicable. There were multiple shots fired and the police were unaware whether anyone other than the deceased victim had been shot or whether there were occupants in the house who otherwise might require protection or assistance, nor can it be said that the search was "primarily motivated by intent to arrest and seize evidence" (*People v Mitchell*, 39 NY2d 173, 177 [1976], *cert denied* 426 US 953 [1976]; *see People v Dallas*, 8 NY3d 890 [2007]).

Contrary to defendant's further contention, the testimony of the police witness that the victim's mother told him that defendant shot her son does not constitute improper bolstering of the testimony of the victim's mother. As the court properly determined, the statement of the victim's mother to the police witness falls within the excited utterance exception to the hearsay rule and thus does not constitute improper bolstering (*see People v Simms*, 244 AD2d 920 [1997], *lv denied* 91 NY2d 897 [1998]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.