THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. WATKINS, Appellant. [872 NYS2d 838]—

Appeal from a judgment of the Monroe County Court (Dennis M. Kehoe, J.), rendered June 16, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (1), (4)]). We reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the People's principal witness did not require corroboration inasmuch as there is no evidence that the witness shared defendant's criminal intent or, indeed, was aware that defendant possessed a weapon in the trunk of the vehicle owned and driven by defendant (*see* CPL 60.22 [1], [2]; *see generally People v Jones*, 73 NY2d 902 [1989], *rearg denied* 74 NY2d 651 [1989]). We agree with defendant that the police lacked probable cause for his warrantless arrest and that County Court (John J. Connell, J.) thus erred in refusing to suppress his statement to the police that followed the illegal arrest (*see People v Ortiz*, 31 AD3d 1112, 1113-1114 [2006], *lv denied* 7 NY3d 869 [2006]; *People v Williams*, 191 AD2d 989, 990 [1993], *lv denied* 82 NY2d 729 [1993]). We conclude, however, that the error is harmless beyond a reasonable doubt inasmuch as there is no reasonable possibility that the error might have contributed to the conviction (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). The statement in question was exculpatory and, in any event, it was cumulative of other evidence at the trial (*see People v Hernandez*, 43 AD3d 1412, 1413 [2007], *lv denied* 9 NY3d 1034 [2008]; *see generally People v Smith*, 97 NY2d 324, 330 [2002]).

Finally, we conclude that County Court (Dennis M. Kehoe, J.) properly denied defendant's challenge for cause to a prospective juror. Initially, we note that the contention of defendant is properly before us because he exercised a peremptory challenge to the prospective juror and thereafter exhausted his peremptory challenges before jury selection was completed (*see People v Nicholas*, 98 NY2d 749, 752 [2002]). We reject that contention, however, because the relationship of the prospective juror with one of the People's witnesses was not " 'of such nature that it [was] likely to preclude him from rendering an impartial verdict' " (*People v Pickren*, 284 AD2d 727, 727 [2001], *lv denied*

96 NY2d 923 [2001], quoting CPL 270.20 [1] [c]; *cf. People v Branch*, 46 NY2d 645, 651 [1979]; *see generally People v Provenzano*, 50 NY2d 420, 424 [1980]). Although the prospective juror's statements concerning that witness demonstrated "a state of mind likely to preclude impartial service," the prospective juror was able to "give unequivocal assurance [that he could] set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]; *see People v Horsey*, 45 AD3d 1378, 1379 [2007], *lv denied* 10 NY3d 766 [2008]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.