■ The People of the State of New York, Respondent, v Gregory Hill, Appellant. [894 NYS2d 281]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, J.), rendered May 14, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the verdict is repugnant because he was found guilty of assault but was acquitted of criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject that contention. "As long as . . . '[Supreme Court's] charge did not preclude the jury from concluding that defendant initially possessed the [dangerous instrument] without intending to use it unlawfully against another[ ] but decided to [use the dangerous instrument] as events unfolded,' a verdict finding defendant guilty of intentional assault but not guilty of possession with unlawful intent is not repugnant" (*People v Afrika*, 291 AD2d 880, 881 [2002], *lv denied* 98 NY2d 648 [2002]). Defendant further contends that the court erred in refusing to suppress his statements to the police because they were the fruit of the alleged unlawful entry into his apartment. We reject that contention as well. The warrantless entry was not unlawful, inasmuch as the People established that there were exigent circumstances justifying the entry (*see People v Stevens*, 57 AD3d 1515 [2008], *lv denied* 12 NY3d 822 [2009]; *cf. People v Kilgore*, 21 AD3d 1257, 1257-1258 [2005]). The police detectives observed that the victim was nearby and that his head was bleeding, and they had reason to believe that the suspect was inside the apartment with a claw hammer, which constitutes a dangerous weapon (*see Stevens*, 57 AD3d 1515 [2008]; *see also People v Pollard*, 304 AD2d 476 [2003], *lv denied* 100 NY2d 585 [2003]; *People v Manning*, 301 AD2d 661, 662-663 [2003], *lv denied* 99 NY2d 656 [2003]).

Defendant contends that he was denied a fair trial and due process because the court did not read a jury note verbatim to defense counsel before summoning the jury to the courtroom. " '[D]efense counsel's failure to object at a time when the court could have corrected the alleged error . . . renders defendant's contention unpreserved for our review' " (*People v Samuels*, 24 AD3d 1287 [2005], *lv denied* 7 NY3d 817 [2006]; *see also People v Starling*, 85 NY2d 509, 516 [1995]; *cf. People v DeRosario*, 81 NY2d 801, 803 [1993]). In any event, the record establishes that defense counsel fully understood the contents of the note before the jury was summoned and that the court read the note in open court before responding to it. Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.