THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN A. DeMARTINO, Sr., Appellant. [919 NYS2d 387]—

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence seized as a result of a warrantless search of the defend-

ant's home (*see People v Rodriguez*, 77 AD3d 280, 287 [2010]). The record supports the Supreme Court's determination that the warrantless entry into the home was justified by a reasonable belief by the police that an emergency situation required their immediate assistance (*see People v Molnar*, 98 NY2d 328 [2002]; *People v Mitchell*, 39 NY2d 173 [1976], *cert denied* 426 US 953 [1976]; *People v Rodriguez*, 77 AD3d at 287; *People v Desmarat*, 38 AD3d 913 [2007]; *People v Manning*, 301 AD2d 661 [2003]; *People v DePaula*, 179 AD2d 424 [1992]). Moreover, the Supreme Court properly denied suppression of certain evidence later seized from the defendant's garage pursuant to a search warrant. Although the search warrant failed to list the defendant's garage as a place to be searched, the garage was referenced in the search warrant application and supporting documents (*see People v Carpenter*, 51 AD3d 1149 [2008]; *People v Davenport*, 231 AD2d 809 [1996]). Covello, J.P., Hall, Lott and Cohen, JJ., concur.