# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1667/09**
**KA 08-01267**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GREGORY HILL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 14, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. The judgment was affirmed by an order of this Court entered February 11, 2010 in a memorandum decision (70 AD3d 1487), and defendant on July 21, 2010 was granted leave to appeal to the Court of Appeals from the order of this Court (15 NY3d 774), and the Court of Appeals on October 20, 2011 modified the order and remitted the case to this Court for further proceedings in accordance with the opinion (___ NY3d ___).

Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum: On a prior appeal in *People v Hill* (70 AD3d 1487), we affirmed the judgment convicting defendant upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]). The Court of Appeals modified our order and remitted the case to this Court for consideration of the suppression issues raised by defendant but not determined by this Court (*People v Hill*, ___ NY3d ___ [Oct. 20, 2011]). Defendant contends that Supreme Court erred in refusing to suppress his statements to the police because they were the fruit of the alleged unlawful entry into his apartment. Even assuming, arguendo, that the court erred in refusing to suppress those statements, we conclude that the error is harmless (*see People v Watkins*, 59 AD3d 1128, 1129, *lv denied* 12 NY3d 922; *see generally*

*People v Crimmins*, 36 NY2d 230, 237).

Entered: December 23, 2011

Frances E. Cafarell
Clerk of the Court