# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**76**

**KA 10-01114**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTOINE BROWN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered February 24, 2010. The judgment convicted defendant, upon a nonjury verdict, of robbery in the first degree, robbery in the second degree and grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and grand larceny in the third degree (former § 155.35). Defendant failed to preserve for our review his contention that County Court erred in granting the People's motion for an order directing him to submit to a buccal swab inasmuch as he did not move to suppress the DNA evidence obtained therefrom (*see People v Clark*, 15 AD3d 864, 865, *lv denied* 4 NY3d 885, 5 NY3d 787; *see generally People v Middleton*, 54 NY2d 42, 48-49). "In any event, 'there is no basis here to disturb the court's determination that there was probable cause to order the [buccal swab]' " (*Clark*, 15 AD3d at 865; *see generally Matter of Abe A.*, 56 NY2d 288, 297-298).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although the employees of the bank robbed by defendant and his accomplices could not specifically identify defendant, the element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was one of the perpetrators (*see People v Butler*, 81 AD3d 484, *lv denied* 16 NY3d 893; *People v Clark*, 76 AD3d 916, *lv denied* 15 NY3d 952; *People v Jurgensen*, 288 AD2d 937, 938, *lv denied* 97 NY2d 684). That evidence included the presence of

defendant's DNA in the stolen vehicle used by the perpetrators to flee the scene.  Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Finally, the sentence is not unduly harsh or severe.

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court