# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1300

KA 16-00383

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                          MEMORANDUM AND ORDER

JOSHUA B. KLOSSNER, DEFENDANT-APPELLANT.

---

LEONARD, CURLEY & LONGERETTA, PLLC, ROME (JOHN LEONARD OF COUNSEL),
FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (John S. Balzano, A.J.), rendered July 1, 2014. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, as a class E felony, failure to stay in lane and consumption or possession of an alcoholic beverage in a motor vehicle.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), defendant contends that County Court erred in refusing to suppress evidence obtained as the result of the warrantless search of his vehicle. We reject that contention. The evidence at the suppression hearing established that, shortly before 3:00 a.m., the arresting officer was driving east on Gifford Hill Road when he noticed a vehicle on the side of the road. The driver's side of the vehicle was on the paved portion of the road, the passenger side was in the ditch, and the position of the vehicle made it impossible to maneuver the vehicle out of the ditch and back onto the road. The officer exited his patrol car, approached the vehicle to investigate the accident and observed that no one was inside the vehicle, although the engine was still warm and he could smell exhaust. The officer testified that he was concerned with determining the cause of the accident and whether anyone was injured and needed assistance. The officer opened the unlocked driver's side door, leaned inside the vehicle, and looked for blood or other signs of injury. In one of the cupholders in the console, he saw a tall drinking glass containing a dark liquid that smelled of alcohol, and he saw an open 12-pack of beer in the backseat. There was an open can of chili in another cupholder in the console, and the officer noticed that chili was splattered on the

dashboard.  He returned to his vehicle and resumed traveling east on Gifford Hill Road for approximately two-thirds of a mile, where he encountered defendant.  Defendant acknowledged that he was the owner of the vehicle that was partially in the ditch, and he identified the dark liquid in the tall drinking glass as rum and Coke.

At the outset, we agree with defendant that the officer's act of opening the door of the vehicle and leaning inside constituted a search (*see People v Vidal*, 71 AD2d 962, 963).  Contrary to defendant's contention, however, we conclude that the search of the vehicle was lawful.  Under the circumstances, defendant had no reasonable expectation of privacy in the abandoned vehicle, and the officer was justified in conducting the limited search (*see People v Sparks*, 13 AD3d 813, 814-815, *lv denied* 4 NY3d 836).  In addition, we agree with the People that the warrantless search of the vehicle in these circumstances was lawful because the search came within the emergency exception to the warrant requirement (*see People v Mitchell*, 39 NY2d 173, 177-178, *cert denied* 426 US 953; *People v Griffiths*, 112 AD2d 798, 798, *lv denied* 67 NY2d 943).

Entered:  December 23, 2016                     Frances E. Cafarell
                                                Clerk of the Court