# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1230**
**KA 14-00230**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MALQUAN R. JUNIOUS, ALSO KNOWN AS PIG,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, THE ABBATOY LAW FIRM, PLLC (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MALQUAN R. JUNIOUS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered December 19, 2013. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), criminal possession of a weapon in the third degree (§ 265.02 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [4]). Defendant is convicted of firing a shotgun toward a woman, who was living with his uncle in a house owned by defendant's grandmother, after defendant and his uncle had engaged in a physical altercation. We reject defendant's contention in his main and pro se supplemental briefs that the verdict on the attempted assault count is against the weight of the evidence. Viewing the evidence in light of the elements of the crime of attempted assault in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the evidence established that defendant intended to cause serious physical injury to the woman by means of a deadly weapon (*see* § 120.10 [1]), and that he engaged in conduct that tended to effect the commission of the crime (*see* § 110.00), by firing the shotgun toward her. Even assuming, arguendo, that an acquittal would not have been unreasonable on the ground that defendant's intended victim was his uncle and not the woman, as he contends, we nevertheless conclude that the jury did not fail to give

the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495).  We therefore conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*Danielson*, 9 NY3d at 348).

We also reject defendant's contention in his main and pro se supplemental briefs that County Court erred in refusing to suppress the gun.  The court credited the testimony of the police witnesses that, upon responding to a call of shots fired in a residence, several people were outside the residence, some of the people directed the police to the rear of the house where the man with the gun had gone, one officer observed a man enter a garage and, when the police demanded that any occupants exit the garage, an unarmed man exited. The man who exited was defendant but had not yet been identified as the shooter.  One of the police witnesses testified that they entered the garage to see if there was anyone else inside who might be armed or injured.  While walking in the loft of the garage, that officer saw a portion of the gun protruding from the eaves.

It is axiomatic that "a warrantless search of an individual's home is per se unreasonable and hence unconstitutional" in the absence of exceptional circumstances (*People v Knapp*, 52 NY2d 689, 694).  We conclude that the People established the requisite elements of the emergency doctrine (*see People v Dallas*, 8 NY3d 890, 891, citing *People v Mitchell*, 39 NY2d 173, 177-178, *cert denied* 426 US 953). First, the police had reasonable grounds to believe that there was an emergency at hand and that there was an immediate need for their assistance for the protection of life (*see Dallas*, 8 NY3d at 891). " '[T]he requirement of reasonable grounds to believe that an emergency existed must be applied by reference to the circumstances then confronting the officer[s], including the need for a prompt assessment of sometimes ambiguous information concerning potentially serious consequences' " (*People v Gibson*, 117 AD3d 1317, 1319, *affd* 24 NY3d 1125).  Based upon the information available to the police, they were aware that there was a suspect, not yet identified, who could be armed and was willing to use a gun (*see People v Stevens*, 57 AD3d 1515, 1515-1516, *lv denied* 12 NY3d 822).  Second, the People established through the testimony of a police witness that they entered the garage to determine whether there were any armed or injured occupants and thus established that the search was not primarily motivated by an intent to arrest and seize evidence (*see Dallas*, 8 NY3d at 891; *Stevens*, 57 AD3d at 1516; *cf. People v Doll*, 21 NY3d 665, 671 n, *rearg denied* 22 NY3d 1053, *cert denied* ___ US ___, 134 S Ct 1552).  Third, based upon the information that the armed suspect had fled to the rear of the house, a police witness had observed a man enter the garage, and the man who exited the garage was not armed, there was a reasonable basis to associate the emergency with the garage (*see Dallas*, 8 NY3d at 891; *Stevens*, 57 AD3d at 1515-1516).  Thus, under the facts presented here, the police were not "constitutionally precluded from conducting a protective sweep to ascertain whether any armed [or injured] persons were inside" (*Gibson*, 117 AD3d at 1319-1320).  The court therefore properly refused to suppress the gun, which was in plain view (*see generally People v Brown*, 96 NY2d 80, 88-89).

By failing to seek a ruling on that part of his omnibus motion seeking to suppress the gun as the fruit of an illegal detention, defendant abandoned the contention in his pro se supplemental brief that the gun should be suppressed on that ground (*see People v Adams,* 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954).  We reject defendant's further contention in his pro se supplemental brief that he was denied his right to appear before the grand jury and thus that the court erred in denying his motion to dismiss the indictment.  The record establishes that the People complied with their obligation pursuant to CPL 190.50 (5) (a) to give notice to defendant and his attorney of their intention to present the matter to the grand jury, and defendant did not exercise his right to give the District Attorney notice of his request to testify prior to the filing of the indictment (*see id.*).

We have reviewed defendant's remaining contention in the main and pro se supplemental briefs and conclude that it is without merit.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court