People v Garno (2020 NY Slip Op 03311)





People v Garno


2020 NY Slip Op 03311


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


325 KA 15-00262

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREG GARNO, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered February 3, 2015. The judgment convicted defendant upon a jury verdict of arson in the third degree, menacing a police officer or peace officer (four counts), criminal mischief in the second degree and reckless endangerment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the finding that defendant is a persistent felony offender, reducing the sentence imposed for arson in the third degree under count one of the indictment to an indeterminate term of incarceration of 3 to 6 years, reducing the sentences imposed for menacing a police officer or peace officer under counts two, four, five, and seven of the indictment to determinate terms of incarceration of 7 years followed by 5 years of postrelease supervision, vacating the sentence imposed for criminal mischief in the second degree under count eight of the indictment and imposing an indeterminate term of incarceration of 2 to 4 years, and directing that the sentences on counts two, four, five and seven run concurrently with each other, and that the sentences on counts one and eight run concurrently with each other and consecutively to the sentences imposed on counts two, four, five, and seven, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, arson in the third degree (Penal Law § 150.10 [1]), four counts of menacing a police officer or peace officer (§ 120.18), and one count of criminal mischief in the second degree (§ 145.10). He was sentenced as a persistent felony offender to an indeterminate term of incarceration of 20 years to life. Contrary to the contention of defendant, the warrantless entry into and search of his home did not violate the Fourth Amendment because they were justified by exigent circumstances. The entry and search occurred immediately after firefighters extinguished the fire that defendant had set during a standoff with police and were undertaken to determine whether there were other individuals present in the home who may have been injured by the fire (see People v Samuel, 152 AD3d 1202, 1203-1204 [4th Dept 2017], lv denied 30 NY3d 983 [2017]; People v Junious, 145 AD3d 1606, 1608-1609 [4th Dept 2016], lv denied 29 NY3d 1033 [2017], reconsideration denied 29 NY3d 1129 [2017]; People v Klossner, 145 AD3d 1648, 1649 [4th Dept 2016]).
We reject defendant's contention that the evidence is legally insufficient to support the convictions of menacing a police officer or peace officer. Defendant's intent may be inferred from the totality of his conduct (see People v Ferguson, 177 AD3d 1247, 1248 [4th Dept 2019]; People v Bryant, 13 AD3d 1170, 1171 [4th Dept 2004], lv denied 4 NY3d 884 [2005]), which included making verbal threats to the police officers and brandishing a baseball bat and a large kitchen knife while he was separated from the officers only by a large window from which he had removed the glass with the bat and his head. Thus, contrary to defendant's contention, there is a valid line of reasoning and permissible inferences from which a rational jury could have found that defendant intentionally placed or attempted to place the subject police officers in [*2]reasonable fear of physical injury (see Penal Law §§ 10.00 [9]; 120.18; People v Thomas, 174 AD3d 1430, 1431-1432 [4th Dept 2019]; People v Roach, 119 AD3d 1070, 1070-1072 [3d Dept 2014], lv denied 24 NY3d 1221 [2015]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime of menacing a police officer or peace officer as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that the imposition of persistent felony offender status is unduly harsh and severe. The sentencing court's determination to sentence a defendant as a persistent felony offender "cannot be held erroneous as a matter of law, unless [that] court acts arbitrarily or irrationally" (People v Rivera, 5 NY3d 61, 68 [2005], cert denied 546 US 984 [2005]). Even where the sentencing court does not err as a matter of law in adjudicating a defendant to be a persistent felony offender, "[t]he Appellate Division, in its own discretion, may conclude that a persistent felony offender sentence is too harsh or otherwise improvident" (id.). "A determination by the Appellate Division to vacate a harsh or severe persistent felony offender finding is authorized by CPL 470.20 (6), which grants the Appellate Division discretion to modify sentences in the interest of justice without deference to the sentencing court" (People v Brown, 174 AD3d 1329, 1333 [4th Dept 2019], lv denied 34 NY3d 979 [2019] [internal quotation marks omitted]).
Here, although defendant's criminal record provided a basis for sentencing him as a persistent felony offender, we nevertheless exercise our discretion in the interest of justice to vacate that finding (see id.; People v Ellison, 167 AD3d 1552, 1552-1554 [4th Dept 2018]). Despite defendant's frequent involvement with law enforcement, he has only two prior felony convictions: one in 1981 for burglary in the second degree and one in 2002 for driving while intoxicated. Moreover, a sentence of 20 years to life is a particularly harsh penalty in light of the People's final pretrial plea offer of 6 to 9 years' incarceration. Thus, as a matter of discretion in the interest of justice, we modify the judgment by vacating the finding that defendant is a persistent felony offender and we hereby modify the sentences imposed and sentence defendant as a second felony offender by reducing the sentence imposed for arson in the third degree under count one of the indictment to an indeterminate term of incarceration of 3 to 6 years and reducing the sentences imposed for menacing a police officer or peace officer under counts two, four, five, and seven of the indictment to determinate terms of incarceration of 7 years followed by 5 years of postrelease supervision. We further note that the court did not include the sentence on defendant's conviction for criminal mischief in the second degree in the persistent felony offender sentence, and it thus imposed a sentence on that count that is illegal whether defendant is sentenced as a persistent felony offender or a second felony offender. In the interest of judicial economy, we exercise our inherent authority to correct the illegal sentence (see People v Thacker, 156 AD3d 1482, 1483-1484 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). We therefore further modify the judgment by vacating the sentence imposed for criminal mischief in the second degree under count eight of the indictment and imposing an indeterminate term of incarceration of 2 to 4 years, and we direct that the sentences on counts two, four, five and seven run concurrently with each other and that the sentences on counts one and eight run concurrently with each other and consecutively to the sentences imposed on counts two, four, five, and seven.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court