■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON MIKLEJOHN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mos-

kowitz, J.), rendered July 15, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The sole eyewitness to the crime testified that early on the morning of July 18, 1986, he saw the defendant and two others arguing with the deceased, in a dispute over money. The three men began punching the victim. Shortly thereafter the defendant hit the victim in the head with a baseball bat he had retrieved from a nearby car and the victim started staggering. The assailants then jumped into the car and, again, according to the eyewitness, one of the other two men fired two shots at the victim with a rifle the defendant had passed to him from the back seat.

Upon their arrival at the scene a short time later, Police Officer William Warren and his partner found the victim lying face up on the sidewalk. There was a large puddle of blood around the head area. The victim was still conscious, but appeared dazed and confused, and was bleeding very heavily. He was suffering from what proved to be a fatal bullet wound to the head and brain.

The jury heard Officer Warren state that before being taken to the hospital the victim identified himself. However, pursuant to a pretrial ruling, the trial court did not allow Officer Warren to testify that, in response to questions put to him by the police, the victim also indicated that he did not know the perpetrator and did not know if he could identify him. The defendant's trial counsel argued that inasmuch as the deceased and the defendant had known one another for approximately 15 years these statements went to the heart of the defense. However, the court ruled that the statements did not fall into any of the three hearsay exceptions advanced by counsel (spontaneous declaration, dying declaration or state of mind of the deceased) and thus were inadmissible. We disagree, and conclude that these statements qualified as excited utterances.

In determining whether a statement is admissible as an excited utterance, the reviewing court must ascertain whether "at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruth-

ful * * * the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Edwards,* 47 NY2d 493, 497). That statements are made in response to questions does not preclude admissibility *(see, People v Del Vermo,* 192 NY 470), but simply requires that additional factors be weighed, such as "the nature, extent and purpose of the questions and the identity, position and manner of the questioner" *(People v Brown,* 70 NY2d 513, 522).

Under these criteria, the victim's statements concerning his attacker or attackers should have been admitted. In view of testimony indicating that the victim had been beaten and shot shortly before the police arrived, he was unlikely to have made the statements in question "under the impetus of studied reflection" *(People v Edwards, supra,* at 497; *see also, People v Brooks,* 71 NY2d 877; *People v Brown, supra,* at 520-521).

We further conclude that the proof of the defendant's guilt was not overwhelming, and thus "there is no occasion for consideration of any doctrine of harmless error" *(People v Crimmins,* 36 NY2d 230, 241). The defendant's conviction was based almost exclusively on the identification made by one eyewitness, who admitted to having been present at the scene in order to sell drugs, and having used $100 worth of cocaine himself only approximately four and one-half hours before the events in question. Under these circumstances, there must be a new trial.

The defendant's contention in this supplemental *pro se* brief that his guilt was not established beyond a reasonable doubt is without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.