The People of the State of New York, Respondent, v Antoine Brown, Appellant. [937 NYS2d 803]—

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and grand larceny in the third degree (former § 155.35). Defendant failed to preserve for our review his contention that County Court erred in granting the People's motion for an order directing him to submit to a buccal swab inasmuch as he did not move to suppress the DNA evidence obtained therefrom (*see People v Clark*, 15 AD3d 864, 865 [2005], *lv denied* 4 NY3d 885 [2005], 5 NY3d 787 [2005]; *see generally People v Middleton*, 54 NY2d 42, 48-49 [1981]). "In any event, 'there is no basis here to disturb the court's determination that there was probable cause to order the [buccal swab]' " (*Clark*, 15 AD3d at 865; *see generally Matter of Abe A.*, 56 NY2d 288, 297-298 [1982]).

Contrary to defendant's further contention, the conviction is

supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although the employees of the bank robbed by defendant and his accomplices could not specifically identify defendant, the element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was one of the perpetrators (*see People v Butler*, 81 AD3d 484 [2011], *lv denied* 16 NY3d 893 [2011]; *People v Clark*, 76 AD3d 916 [2010], *lv denied* 15 NY3d 952 [2010]; *People v Jurgensen*, 288 AD2d 937, 938 [2001], *lv denied* 97 NY2d 684 [2001]). That evidence included the presence of defendant's DNA in the stolen vehicle used by the perpetrators to flee the scene. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Fahey, Peradotto, Carni and Martoche, JJ.