THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GREEN, Appellant. [994 NYS2d 183]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered December 6, 2010, convicting him of criminal possession of a weapon in the second degree (2 counts), criminal possession of a weapon in the third degree (2 counts), criminal possession of a forged instrument in the second degree (9 counts), criminal possession of stolen property in the fourth degree (27 counts), grand larceny in the third degree, grand larceny in the fourth degree, unlawful possession of personal identification information in the second degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, (1) by vacating the conviction of criminal possession of stolen property in the fourth degree under count 23 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) by reducing the defendant's conviction of

unlawful possession of personal identification information in the second degree under count 43 of the indictment to unlawful possession of personal identification in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Pursuant to Penal Law § 165.45 (2), a "person is guilty of criminal possession of stolen property in the fourth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when: . . . 2. The property consists of a credit card, debit card or public benefit card." Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt of criminal possession of stolen property in the fourth degree under count 23 of the indictment, which charged that he had possessed the credit card of Mary Damato. There was no evidence presented at trial that the defendant held the card without her permission. Accordingly, the conviction under count 23 of the indictment, and the sentence imposed thereon, must be vacated, and that count of the indictment must be dismissed.

Penal Law § 190.82 provides that a person is "guilty of unlawful possession of personal identification information in the second degree when he or she knowingly possesses two hundred fifty or more items of personal identification information of the following nature: a person's financial services account number or code, savings account number or code, checking account number or code, brokerage account number or code, credit card account number or code, debit card number or code, automated teller machine number or code, personal identification number, mother's maiden name, computer system password, electronic signature or unique biometric data that is a fingerprint, voice print, retinal image or iris image of another person knowing such information is intended to be used in furtherance of the commission of a crime defined in this chapter." Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt of unlawful possession of personal identification information in the second degree. While the People showed that the defendant possessed numerous items of personal identification information, including personal identification numbers and account numbers, they did not present any evidence at trial that the defendant possessed

250 or more of such items. Accordingly, the conviction of unlawful possession of personal identification information in the second degree was not supported by legally sufficient evidence. Nevertheless, the evidence was legally sufficient to establish the defendant's guilt of the lesser-included offense of unlawful possession of personal identification information in the third degree (*see* CPL 470.15 [2] [a]; Penal Law § 190.81). We therefore reduce the conviction of unlawful possession of personal identification information in the second degree under count 43 of the indictment to unlawful possession of personal identification information in the third degree, and vacate the sentence imposed thereon. Although the defendant has already served the maximum permissible sentence for unlawful possession of personal identification information in the third degree, we nevertheless remit the matter to the Supreme Court, Queens County, for the imposition of an authorized sentence for that offense (*see* Penal Law § 70.15 [1]; *People v Philips*, 120 AD3d 1266 [2d Dept 2014]; *People v Mighty*, 109 AD3d 841 [2013]; *People v Sutherland*, 102 AD3d 897, 899 [2013]).

The Supreme Court properly denied the defendant's motion for a *Darden* hearing (*see People v Darden*, 34 NY2d 177 [1974]). The motion was untimely and the defendant failed to show good cause either for his failure to make a timely motion, or for the trial court to nevertheless entertain the motion in the exercise of its discretion (*see* CPL 255.10 [1] [g]; 255.20 [1], [3]; *People v Johnson*, 60 AD3d 484, 485 [2009]).

The defendant's contentions that the Supreme Court erred in failing to instruct the jury that the presumption in the crime of criminal possession of a weapon in the second degree that possession of a weapon is evidence of intent to use the same unlawfully against another is rebuttable, and that the indictment had no evidentiary value, are unpreserved for appellate review, because the defendant did not object to the charge as given (*see People v Rivera*, 116 AD3d 986, 987 [2014]; *People v Torres*, 96 AD3d 881, 881-882 [2012]; *People v Willis*, 69 AD3d 966 [2010]). We decline to review these contentions in the exercise of our interest of justice jurisdiction (*see People v Rivera*, 116 AD3d at 987; *People v McDowell*, 191 AD2d 515 [1993]).

The defendant's remaining contentions are without merit. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.