# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1140**

**KA 12-01613**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAVELL FOX, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 21, 2012. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, resisting arrest and harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The charges arose from an incident involving the traffic stop by a police officer of a vehicle in which defendant was a passenger. During the stop, defendant was instructed to exit the vehicle and, while being frisked by a police officer, defendant pushed him and fled. The police officer who stopped the vehicle and an assisting police officer captured defendant and arrested him. After the arrest, the police officers found drugs on the ground where defendant had been standing and under the backseat of the patrol car where defendant had been sitting.

Defendant contends that County Court erred in denying his motion to suppress the above physical evidence inasmuch as the initial frisk was unlawful, which renders the subsequent arrest unlawful and any evidence discovered thereafter by the police inadmissible. We reject that contention. Even assuming, arguendo, that the frisk was unlawful, we conclude that defendant's act of pushing the frisking officer was not "spontaneous and precipitated by the illegality . . . [but] was a calculated act not provoked by the unlawful police activity and thus attenuated from it" (*People v Wilkerson*, 64 NY2d 749, 750; *see People v Stone*, 197 AD2d 356, 356, *lv denied* 82 NY2d

904).  We therefore conclude that there was probable cause for defendant's subsequent arrest for harassment of the frisking officer (*cf. People v Felton*, 78 NY2d 1063, 1064-1065).  Consequently, the drugs seized from defendant's person and the backseat of the patrol car were discovered incident to a lawful arrest (*see People v Cooper*, 85 AD3d 1594, 1595, *affd* 19 NY3d 501).

We reject defendant's further contention that the evidence is legally insufficient to support the conviction for harassment and resisting arrest.  Viewing the evidence in the light most favorable to the People (*see generally People v Khan*, 18 NY3d 535, 541), we conclude that there is a "valid line of reasoning and permissible inferences" that could rationally lead the court to determine that defendant harassed the arresting officer and resisted arrest (*People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he was denied effective assistance of counsel.  Initially, we conclude that defendant is not entitled to a reconstruction hearing to determine the contents of a conversation between the court and defense counsel that allegedly concerned privileged attorney-client matters.  The court placed a summary of the conversation on the record, and defense counsel agreed to that summary.  We conclude that defense counsel was not ineffective for having such a conversation with the court inasmuch as the purpose of the conversation was to ensure that defense counsel did not "breach . . . any recognized professional duty" to either defendant or the court (*People v Andrades*, 4 NY3d 355, 362).  With respect to the remaining grounds that defendant raises in support of his contention of ineffective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see People v Hall*, 106 AD3d 1513, 1514, *lv denied* 22 NY3d 956).  To the extent that defendant's claims of ineffective assistance of counsel "involve matters outside the record on appeal . . . [they] must be raised by way of a motion pursuant to CPL 440.10" (*People v Brown*, 120 AD3d 1545, 1546; *see People v Reed*, 115 AD3d 1334, 1337, *lv denied* 23 NY3d 1024).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court