SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**49**

**KA 11-01083**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEREK WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 9, 2010. The appeal was held by this Court by order entered January 3, 2014, decision was reserved and the matter was remitted to the Supreme Court, Erie County, for further proceedings (113 AD3d 1116). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [2] [a]). We previously held the case, reserved decision and remitted the matter to Supreme Court for a reconstruction hearing to determine whether defendant and his attorney were notified of the contents of a jury note and what action, if any, the court took with respect to that note (*People v Williams*, 113 AD3d 1116, 1117). During the reconstruction hearing, the parties stipulated to the admission in evidence of the jury note, and of the transcript of that part of the trial proceedings concerning the jury note, which had been inadvertently excluded from the original record on appeal. That evidence establishes that the jury note consisted of a request for a readback of the entire testimony of a witness, and that the court read the note into the record in the presence of defendant and his attorney. Then, pursuant to the court's direction, the court reporter read back the requested testimony. Inasmuch as the jury note requested only the readback of a witness's entire testimony, defendant was required to preserve his challenge to the court's response (*see People v Gerrara*, 88 AD3d 811, 812-813, *lv denied* 18 NY3d 957, *cert denied* ___ US ___, 133 S Ct 857; *People v Bryant*, 82 AD3d 1114, 1114, *lv denied* 17 NY3d 792). Defendant failed to do so, and his contention therefore is unpreserved (*see People v Alcide*, 21 NY3d 687, 693-694). We decline to exercise

our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to whether he possessed and used a dangerous instrument, and whether the victim suffered a physical injury, inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at" those alleged shortcomings in the evidence (*People v Gray*, 86 NY2d 10, 19). In any event, defendant's contention lacks merit, inasmuch as there is a "valid line of reasoning and permissible inferences" that could lead reasonable persons to the conclusion reached by the jury based on the evidence presented at trial (*People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is contrary to the weight of the evidence (*see generally Bleakely*, 69 NY2d at 495).

Contrary to defendant's further contention, "defense counsel's failure to make a specific motion for a trial order of dismissal at the close of the People's case [does] not constitute ineffective assistance of counsel, inasmuch as any such motion would have had no chance of success" (*People v Horton*, 79 AD3d 1614, 1616, *lv denied* 16 NY3d 859; *see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). With respect to defendant's remaining allegations of ineffective assistance of counsel, defendant failed to demonstrate a lack of strategic or other legitimate explanations for defense counsel's alleged shortcomings (*see People v McGee*, 87 AD3d 1400, 1402-1403, *affd* 20 NY3d 513; *People v Benevento*, 91 NY2d 708, 712-713). We conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, defendant failed to preserve for our review his contention that the sentence was vindictive (*see People v Hurley*, 75 NY2d 887, 888; *People v Irrizarry*, 37 AD3d 1082, 1083, *lv denied* 8 NY3d 946) and, in any event, that contention is also without merit (*see Irrizarry*, 37 AD3d at 1083). It is well settled that " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*id*.). The sentence is not unduly harsh or severe.

Entered:  February 6, 2015

Frances E. Cafarell
Clerk of the Court