# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**560**

**KA 11-01613**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JAMELL R. MCCULLOUGH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 29, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, robbery in the first degree, robbery in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the first degree (Penal Law § 140.30 [4]), robbery in the first degree (§ 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and assault in the second degree (§ 120.05 [2]). The conviction arises out of an incident in which defendant and two codefendants broke into an apartment and stole money and property from a woman (hereafter, robbery victim) inside. In addition, a codefendant used a shotgun to shoot two men—only one of whom (hereafter, shooting victim) testified against defendant—as the men fled after coming to the door of the apartment during the robbery. Defendant was convicted at his third trial following two prior trials that resulted in hung juries.

Contrary to defendant's contention, Supreme Court did not err in admitting the robbery victim's testimony from his second trial in evidence at the third trial. The People established that they exercised the required due diligence in attempting to secure the robbery victim's appearance at the third trial but could not locate her (*see* CPL 670.10 [1]; *People v Arroyo*, 54 NY2d 567, 571-574, *cert denied* 456 US 979; *People v DeJesus*, 110 AD3d 1480, 1481, *lv denied* 22 NY3d 1155; *People v Koberstein*, 261 AD2d 849, 849-850, *lv denied* 94 NY2d 798). Moreover, the admission of her prior testimony did not violate defendant's right of confrontation because he "had a full

opportunity to cross-examine [her] at his two prior trials" (*People v Biggs*, 52 AD3d 620, 620, *lv denied* 11 NY3d 785, *cert denied* 555 US 1179; *see People v Mejia*, 126 AD3d 1364, 1365; *cf. People v Simmons*, 36 NY2d 126, 129-131).

Defendant further contends that the People violated their discovery, *Brady*, and *Rosario* obligations by failing to disclose in a timely manner the existence of two pending criminal actions against the shooting victim (*see* CPL 240.45 [1] [c]), as well as by failing to turn over an accusatory instrument containing statements made by the shooting victim in connection with one of the pending actions (*see* CPL 240.45 [1] [a]).  Defendant failed to preserve his challenge to the timing of the disclosure of the pending criminal actions (*see generally People v Kessler*, 122 AD3d 1402, 1404), and he also failed to preserve for our review his contention that a *Brady* violation occurred (*see generally People v Caswell*, 56 AD3d 1300, 1303, *lv denied* 11 NY3d 923, *reconsideration denied* 12 NY3d 781).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's contention, the failure to disclose the accusatory instrument did not violate CPL 240.45 (1) (a) or the *Rosario* rule because the shooting victim's statements therein did not relate to the subject matter of his testimony (*see* CPL 240.45 [1] [a]; *People v Perez*, 65 NY2d 154, 158-159; *People v Matos*, 158 AD2d 959, 959, *lv denied* 75 NY2d 968), notwithstanding that the prosecutor asked the shooting victim about his pending criminal actions on direct examination "to blunt the effect of anticipated impeachment" (*People v Harrell*, 251 AD2d 240, 241, *lv denied* 92 NY2d 925).

We reject defendant's contention that the court abused its discretion in refusing to allow him to admit in evidence the shooting victim's alleged prior inconsistent statements contained in the accusatory instrument, which defense counsel obtained after the shooting victim had already testified.  Defendant failed to lay a proper foundation for the admission of the statements through a police witness (*see People v Fiedorczyk*, 159 AD2d 585, 586-587, *lv denied* 76 NY2d 788; *see generally People v Duncan*, 46 NY2d 74, 80-81, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646; *People v Owens*, 70 AD3d 1469, 1470, *lv denied* 14 NY3d 890).  Furthermore, defendant did not preserve his contention that he should have been afforded an opportunity to recall the shooting victim to question him about the statements, and we decline to exercise our power to review it as a matter of discretion in the interest of justice.

Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising the right to a jury trial, inasmuch as he failed to raise that contention at sentencing (*see People v Motzer*, 96 AD3d 1635, 1636, *lv denied* 19 NY3d 1104).  In any event, we conclude that the court "did not impermissibly punish [defendant] for exercising his right to proceed to trial by imposing a sentence of 15 years['] imprisonment after he rejected a plea offer of five years" (*People v Melendez*, 71 AD3d 1166,

1167, *lv denied* 15 NY3d 753; *see People v Pena*, 50 NY2d 400, 411-412, *cert denied* 449 US 1087).  Finally, the sentence is not unduly harsh or severe.

Entered:  May 8, 2015                      Frances E. Cafarell
                                           Clerk of the Court