MEMORANDUM.
The order of the Appellate Division should be affirmed.
***1084 Supreme Court properly denied defendant's request to charge the jury on the lesser included offense of assault in the third degree ( Penal Law § 120.00[1] ). Defendant failed to "show that there [was] a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser included offense but not the greater" ( People v. Rivera, 23 N.Y.3d 112, 120, 989 N.Y.S.2d 446, 12 N.E.3d 444 [2014] ). Although "[i]n determining whether such a reasonable view exists, the evidence must be viewed in the light most favorable to [the] defendant" ( People v. Martin, 59 N.Y.2d 704, 705, 463 N.Y.S.2d 419, 450 N.E.2d 225 [1983] ), charging the lesser included offense here "would [have]
**279 *875 force[d] the jury to resort to sheer speculation" ( People v. Discala, 45 N.Y.2d 38, 43, 407 N.Y.S.2d 660, 379 N.E.2d 187 [1978] [citations omitted]; see Rivera, 23 N.Y.3d at 121, 989 N.Y.S.2d 446, 12 N.E.3d 444 ).
Nor does Supreme Court's admission of the call between the victim and the 911 operator require reversal. "A 'spontaneous declaration or excited utterance-made contemporaneously or immediately after a startling event-which asserts the circumstances of that occasion as observed by the declarant' is an exception to the prohibition on hearsay" ( People v. Cummings, 31 N.Y.3d 204, 209, 75 N.Y.S.3d 484, 99 N.E.3d 877 [2018], quoting People v. Edwards, 47 N.Y.2d 493, 496-497, 419 N.Y.S.2d 45, 392 N.E.2d 1229 [1979] ). "The test is whether the utterance was made 'before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective power to be yet in abeyance' " ( People v. Brown, 70 N.Y.2d 513, 517, 522 N.Y.S.2d 837, 517 N.E.2d 515 [1987], quoting People v. Marks, 6 N.Y.2d 67, 72, 188 N.Y.S.2d 465, 160 N.E.2d 26 [1959] ; see also People v. Nieves, 67 N.Y.2d 125, 135, 501 N.Y.S.2d 1, 492 N.E.2d 109 [1986] ). Assuming, without deciding, that it was error to admit the 911 call, any such error would have been harmless (see People v. Kello, 96 N.Y.2d 740, 744, 723 N.Y.S.2d 111, 746 N.E.2d 166 [2001] ; People v. Crimmins, 36 N.Y.2d 230, 241-242, 367 N.Y.S.2d 213, 326 N.E.2d 787 [1975] ).
Finally, defendant's contention regarding the continued viability of the excited utterance exception to the hearsay rule is not preserved for appellate review.