People v Burden (2021 NY Slip Op 00686)





People v Burden


2021 NY Slip Op 00686


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


122 KA 16-02346

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHAD BURDEN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 6, 2016. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). As an initial matter, we agree with defendant that he did not validly waive his right to appeal because Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of that waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Crogan, 181 AD3d 1212, 1212-1213 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]).
Defendant contends that the court should have suppressed statements and tangible evidence because one of the officers who approached the vehicle in which defendant was seated effected an unlawful seizure before he or any other officer detected the odor of marihuana emanating from the vehicle. Defendant's contention is not preserved for our review inasmuch as he failed to raise that specific contention in his motion papers, at the suppression hearing, or in his posthearing papers as a ground for suppression (see People v Watkins, 151 AD3d 1913, 1913 [4th Dept 2017], lv denied 30 NY3d 984 [2017]; see generally People v Hudson, 158 AD3d 1087, 1087 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of
justice (see CPL 470.15 [3] [c]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court