People v Jackson (2022 NY Slip Op 00765)





People v Jackson


2022 NY Slip Op 00765


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


86 KA 19-01964

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES R. JACKSON, JR., DEFENDANT-APPELLANT. 






THE FOTI LAW FIRM, ROCHESTER (NEIL GUNTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 4, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Preliminarily, we agree with defendant that the record does not establish that he validly waived his right to appeal. Supreme Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant's contention that the court erred by failing to conduct a minimal inquiry into his request for substitution of counsel "is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]; see People v Harris, 182 AD3d 992, 994 [4th Dept 2020], lv denied 35 NY3d 1066 [2020]). To the extent that defendant's contention implicates the voluntariness of the plea, it lacks merit. Defendant "failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]; see People v Morris, 183 AD3d 1254, 1255 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]). Rather, defendant made only " 'vague assertions that defense counsel was not in frequent contact with him and did not aid in his defense' " (People v Jones, 149 AD3d 1576, 1577 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]) and "conclusory assertions that he and defense counsel disagreed about . . . strategy" (People v Brady, 192 AD3d 1557, 1558 [4th Dept 2021], lv denied 37 NY3d 954 [2021]). In any event, we conclude that the court "conducted the requisite 'minimal inquiry' to determine whether substitution of counsel was warranted" (People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018], quoting People v Sides, 75 NY2d 822, 825 [1990]). The record establishes that the court "allowed defendant to air his concerns about defense counsel, and . . . reasonably concluded that defendant's vague and generic objections had no merit or substance" (People v Linares, 2 NY3d 507, 511 [2004]), and "properly concluded that defense counsel was 'reasonably likely to afford . . . defendant effective assistance' of counsel" (People v Bradford, 118 AD3d 1254, 1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014], quoting People v Medina, 44 NY2d 199, 208 [1978]; see Chess, 162 AD3d at 1579).
Although defendant's challenge to the court's refusal to suppress tangible evidence survives his guilty plea (see CPL 710.70 [2]; People v Poole, 55 AD3d 1354, 1355 [4th Dept 2008], lv denied 11 NY3d 929 [2009]), defendant's challenge is "not preserved for our review inasmuch as he failed to raise th[e] specific contention [he now advances on appeal] in his motion papers, at the suppression hearing, or in his posthearing papers as a ground for suppression" (People v Burden, 191 AD3d 1260, 1261 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; see CPL 470.05 [2]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Burden, 191 AD3d at 1261).
Finally, defendant contends that he was denied effective assistance of counsel, which rendered his plea involuntary, because defense counsel failed to advise him of his right to testify at the suppression hearing. Defendant's contention survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019], lv denied 37 NY3d 974 [2021]). Here, however, defendant's contention "is based primarily on matters outside the record and must be raised pursuant to a CPL 440.10 motion" (People v Richards, 177 AD3d 1280, 1282 [4th Dept 2019], lv denied 35 NY3d 994 [2020]; see People v Balenger, 70 AD3d 1318, 1318 [4th Dept 2010], lv denied 14 NY3d 885 [2010]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]; see Spencer, 170 AD3d at 1615).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court