People v Muhammad (2022 NY Slip Op 02660)

People v Muhammad

2022 NY Slip Op 02660

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.

115 KA 19-01819

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALI MUHAMMAD, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered October 30, 2018. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), defendant contends that his statements to detectives should have been suppressed as the product of an illegal arrest. We reject that contention. The People established at a suppression hearing that the detective who took defendant into custody had viewed surveillance videos in which the individual who shot the victim wore a distinctive tricolor sweatshirt and red shoes with white laces. The detective later viewed surveillance video recorded the same day at a nearby grocery store showing an individual wearing the same distinctive clothing and identified the individual as defendant. We conclude that, "once [the] detective[] viewed the surveillance videos and identified defendant as the individual wearing the [distinctive clothing], probable cause existed for his arrest" (People v Young, 152 AD3d 981, 983 [3d Dept 2017], lv denied 30 NY3d 955 [2017]; see People v Jackson, 168 AD3d 473, 473-474 [1st Dept 2019], lv denied 33 NY3d 977 [2019]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We further conclude that the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court