People v Hollis (2023 NY Slip Op 04863)

People v Hollis

2023 NY Slip Op 04863

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

646 KA 20-00982

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THEODORE HOLLIS, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered February 27, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), one count of reckless endangerment in the first degree (§ 120.25), and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). Defendant's conviction of the weapon possession and reckless endangerment counts stems from his conduct in firing a gun toward two people outside a convenience store and striking a glass door of the store. The incident was depicted on the store's surveillance video. His conviction of the drug paraphernalia counts resulted from a search warrant executed at defendant's girlfriend's house, where the police recovered a backpack containing drug paraphernalia.
Defendant failed to preserve for our review his contention that Supreme Court erred in allowing a police officer to testify that a person depicted on the surveillance video was defendant (see People v Johnson, 192 AD3d 1612, 1615 [4th Dept 2021]; People v Sampson, 289 AD2d 1022, 1023 [4th Dept 2001], lv denied 97 NY2d 733 [2002]). He also failed to preserve for our review his related contention that the police identification should have been the subject of a CPL 710.30 notice (see People v McFadden, 189 AD3d 2086, 2088 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]; People v Murphy, 28 AD3d 1096, 1096 [4th Dept 2006], lv denied 7 NY3d 760 [2006]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant further contends that he was deprived of a fair trial by the admission in evidence of the surveillance video, a compilation video prepared by the People, and text messages retrieved from a cellular phone located near the crime scene. By stipulating to the admission of those items in evidence, however, defendant waived his present contention (see People v Britton, 213 AD3d 1326, 1326-1327 [4th Dept 2023], lv denied 39 NY3d 1140 [2023]; People v Serrano, 164 AD3d 1658, 1659 [4th Dept 2018], lv denied 32 NY3d 1129 [2018]). Contrary to defendant's further contention, he was not denied effective assistance of counsel based on counsel's failure to object and stipulation. Defendant's identification was not an issue in this case; defendant admitted to the police that he had been involved in the shooting. Defense counsel admitted during his opening statement that defendant was depicted on the surveillance video, but he argued that defendant had been justified in shooting at the two men. In addition, defense counsel used the surveillance video in support of the justification defense. Defendant thus failed to establish the absence of strategic or other legitimate explanations for defense counsel's alleged failures (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Briggs, 124 AD3d 1320, 1321 [4th Dept 2015], lv denied 25 NY3d [*2]1198 [2015]; People v Johnson, 30 AD3d 1042, 1043 [4th Dept 2006], lv denied 7 NY3d 790 [2006], reconsideration denied 7 NY3d 902 [2006]).
Defendant's contentions that the evidence with respect to reckless endangerment is legally insufficient to support the conviction because the People did not disprove the defense of justification beyond a reasonable doubt and that the evidence with respect to the two counts of criminal possession of a weapon is legally insufficient because defendant only borrowed the weapon to protect himself are not preserved for our review inasmuch as defendant failed to move for a trial order of dismissal on those grounds (see People v Gray, 86 NY2d 10, 19 [1995]; People v Brown, 194 AD3d 1399, 1400 [4th Dept 2021]; People v Lasher, 163 AD3d 1424, 1425 [4th Dept 2018], lv denied 32 NY3d 1005 [2018]; People v Alexander, 161 AD3d 762, 763 [2d Dept 2018], lv denied 31 NY3d 1144 [2018]). We reject defendant's contention that his conviction on the counts of criminally using drug paraphernalia is based on legally insufficient evidence of his constructive possession. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant had constructive possession of the drug paraphernalia (see People v Torrance, 206 AD3d 1722, 1723 [4th Dept 2022]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, the backpack containing the drug paraphernalia was found in a bedroom closet, and mail belonging to defendant was also found in that bedroom. In addition, defendant admitted to the police that the backpack belonged to him (see People v Ramos-Carrasquillo, 197 AD3d 1000, 1002 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). In particular, contrary to defendant's contention with respect to the reckless endangerment count, the jury's rejection of the justification defense is not contrary to the weight of the evidence (see People v Macon, 217 AD3d 1415, 1416 [4th Dept 2023], lv denied 40 NY3d 935 [2023]). The jury could reasonably have found based on the surveillance videos that defendant fired at the two men before one of them returned fire, and thus the jury was entitled to conclude that defendant was the initial aggressor and was therefore not justified in using deadly physical force against the two men (see People v St. John, 215 AD3d 1267, 1268 [4th Dept 2023]; see generally Penal Law § 35.15 [1] [b]). Further, the jury could reasonably have found based on the surveillance videos that defendant, with a gun in his hand, was waiting outside the store for the two men to arrive, and thus the jury could reasonably have concluded that defendant failed to satisfy his duty to retreat (see St. John, 215 AD3d at 1268; People v Estrada, 1 AD3d 928, 928-929 [4th Dept 2003], lv denied 1 NY3d 627 [2004]; see generally § 35.15 [2] [a]).
Defendant contends that the court erred in its charge on justification by failing to include the "evidence of threats" addendum to the CJI charge for Justification: Use of Deadly Force in Defense of a Person and by including the duty to retreat addendum to that charge (see generally People v T.P., 216 AD3d 1469, 1470 [4th Dept 2023]). We reject those contentions. In any event, inasmuch as there was overwhelming evidence disproving the justification defense and no reasonable possibility that the verdict would have been different had the charge been given as requested by defendant, any error in the court's justification charge was harmless (see People v Petty, 7 NY3d 277, 286 [2006]).
To the extent that defendant contends that he was improperly penalized for exercising his right to a trial, that contention is not preserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Fudge, 104 AD3d 1169, 1170 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]). Finally, defendant's sentence is not unduly harsh or severe.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court