People v Neal (2023 NY Slip Op 05067)

People v Neal

2023 NY Slip Op 05067

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

645 KA 20-00765

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYLER J. NEAL, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 5, 2020. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that his waiver of the right to appeal is invalid and that the police lacked probable cause to arrest him. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review, we conclude that probable cause existed for defendant's arrest. During the suppression hearing, police officers testified, among other things, that defendant and his codefendant were placed, by means of their ankle monitors, at the locations of burglarized homes. The officers also testified that as part of their investigation they obtained surveillance footage that showed defendant in a pawnshop with property matching items that had been stolen (see generally People v Muhammad, 204 AD3d 1402, 1403 [4th Dept 2022], lv denied 38 NY3d 1073 [2022]; People v Young, 152 AD3d 981, 982-983 [3d Dept 2017], lv denied 30 NY3d 955 [2017]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court