People v Rhynes (2025 NY Slip Op 03914)

People v Rhynes

2025 NY Slip Op 03914

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

447 KA 19-01373

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIN E. RHYNES, ALSO KNOWN AS ERIN ROSHAD KENDRELL EDWARDS, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered April 29, 2019. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count each of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal use of a firearm in the first degree (§ 265.09 [1] [a]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant shot the victim in the back of the head while they were inside the victim's vehicle. Although the victim survived, he had no memory of the incident.
Defendant contends that Supreme Court erred in admitting the victim's out-of-court statement that he was shot by a Black male with the nickname "E" under the excited utterance and dying declarations exceptions to the hearsay rule. "A spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant is an exception to the prohibition on hearsay" (People v Almonte, 33 NY3d 1083, 1084 [2019] [internal quotation marks omitted]; see People v Edwards, 47 NY2d 493, 496-497 [1979]). "The test is whether the utterance was made before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance" (Almonte, 33 NY3d at 1084 [internal quotation marks omitted]; see People v Brown, 70 NY2d 513, 518 [1987]). "The decision to admit hearsay as an excited utterance is left to the sound judgment of the trial court, which must consider, among other things, the nature of the startling event, the amount of time between the event and the statement, and the activities of the declarant in the interim" (People v Hernandez, 28 NY3d 1056, 1057 [2016]). " 'Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection' " (id., quoting Edwards, 47 NY2d at 497).
Here, the victim made the statement while being treated at the hospital for three gunshot wounds to his head. From the time of the shooting until the time that he made the statement approximately two hours later, there were periods when the victim was uncommunicative. The victim's condition continued to deteriorate and, after the victim received a CAT scan, the treating emergency room physician allowed an officer to converse with the victim briefly before he was placed on a ventilator and airlifted to another hospital. The fact that the statement was made in response to questioning by the police "did not interrupt the stress and excitement of the shooting" [*2](People v Brooks, 71 NY2d 877, 879 [1988]; see People v Cotto, 92 NY2d 68, 79 [1998]). When the victim made the statement, he was spitting blood as he talked; the physician testified that the victim was decompensating and agreed that the situation had become a matter of "life or death." The court properly considered all the circumstances and was reasonably justified in concluding that the statement was made under the stress of excitement caused by the shooting and was "not made under the impetus of studied reflection" (Edwards, 47 NY2d at 497; see Brown, 70 NY2d at 519-520). Indeed, the surrounding circumstances of the victim's life-threatening injuries were "sufficient to still his reflective faculties" (People v Miklejohn, 184 AD2d 735, 736 [2d Dept 1992]; see People v Houston, 142 AD3d 1397, 1397 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]). We conclude that the court did not abuse its discretion in admitting the victim's hearsay statement as an excited utterance, and we therefore do not need to address whether the court erred in admitting the statement as a dying declaration.
Defendant next contends that the court erred in ordering him to submit to a buccal swab because there was no probable cause to believe he committed the crimes. We reject that contention. The police had the victim's statement that "E" had shot him, and the police knew that defendant went by that nickname. The court's reliance on that hearsay statement was permissible (see People v Clark, 15 AD3d 864, 865 [4th Dept 2005], lv denied 4 NY3d 885 [2005], reconsideration denied 5 NY3d 787 [2005]). The police also had information that .25 caliber shells were found in the victim's vehicle and that a .25 caliber handgun had been located. A firearms examination established that the casings found in the victim's vehicle were discharged from that gun, and DNA testing of swabs of the trigger and barrel of the gun revealed that mixtures of multiple DNA profiles were present, with the major component of both mixtures originating from the same unknown male. That evidence was sufficient to support a reasonable belief that an offense had been committed by defendant (see generally People v Bigelow, 66 NY2d 417, 423 [1985]), and a "clear indication" that a buccal swab would supply "substantial probative evidence" (Matter of Abe A., 56 NY2d 288, 297 [1982] [internal quotation marks omitted]; see People v Brown, 92 AD3d 1216, 1216 [4th Dept 2012], lv denied 18 NY3d 992 [2012]).
We reject defendant's contention that the court erred in its Molineux ruling. The evidence of defendant's prior drug sales to the victim was relevant on the issue of identity, and its probative value exceeded its prejudicial effect (see People v Young, 190 AD3d 1087, 1092-1093 [3d Dept 2021], lv denied 36 NY3d 1102 [2021]; People v Moore [appeal No. 2], 78 AD3d 1658, 1659 [4th Dept 2010]).
Defendant further contends that his arrest and the search of his apartment were not supported by probable cause. We reject that contention. The testimony at the suppression hearing established that, in addition to the victim's statement that he had been shot by "E" and that the police were aware that defendant's nickname was "E," the police had statements from the victim's family that "E" was the victim's cocaine supplier, that the victim owed money to "E," and that "E" had threatened the victim's life. Moreover, the police viewed surveillance footage of the area of the shooting and recognized defendant in the video. Based on the identification of defendant by the victim (see People v Thompson, 132 AD3d 1364, 1365 [4th Dept 2015], lv denied 27 NY3d 1156 [2016]) and the identification of defendant by the police from the surveillance video (see People v Muhammad, 204 AD3d 1402, 1403 [4th Dept 2022], lv denied 38 NY3d 1073 [2022]), the police had probable cause to arrest defendant and to obtain a warrant to search his residence.
To the extent defendant contends that the police detective who testified at the suppression hearing was not credible, we note that it is well settled that "great deference should be given to the determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses and to assess their credibility, and its factual findings should not be disturbed unless clearly erroneous" (People v Layou, 134 AD3d 1510, 1511 [4th Dept 2015], lv denied 27 NY3d 1070 [2016], reconsideration denied 28 NY3d 932 [2016]; see People v Archie, 227 AD3d 1406, 1407 [4th Dept 2024], lv denied 42 NY3d 925 [2024]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). We perceive no basis in the record to disturb the suppression court's determination to credit the detective's testimony (see People v Tyler, 166 AD3d 1556, 1556-1557 [4th Dept 2018], lv denied 32 NY3d 1179 [2019], reconsideration denied 33 NY3d 954 [2019]). Defendant's remaining challenges to the evidence at the suppression hearing are not preserved for our review (see People v Burden, 191 AD3d 1260, [*3]1261 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Zuke, 87 AD3d 1290, 1290-1291 [4th Dept 2011], lv denied 18 NY3d 887 [2012]), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also contends that the court erred in permitting a police detective to identify defendant on surveillance footage during the trial. " 'A lay witness may give an opinion concerning the identity of a person depicted in a surveillance [video] if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury' " (People v Graham, 174 AD3d 1486, 1487-1488 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; see People v Griffin, 203 AD3d 1608, 1612 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]; see generally People v Mosley, 41 NY3d 640, 647-650 [2024]). Defendant did not object to the detective's testimony on that ground and thus failed to preserve his contention for our review (see People v Johnson, 235 AD3d 1267, 1269 [4th Dept 2025]; People v Hollis, 219 AD3d 1686, 1687 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant next contends that he was denied effective assistance of counsel. Defendant's contention that he was not provided with certain discovery materials or that defense counsel did not communicate with him enough to prepare for trial involves matters outside the record on appeal and must be raised by way of motion pursuant to CPL 440.10 (see People v Fox, 124 AD3d 1252, 1253 [4th Dept 2015]). We have reviewed defendant's remaining claims of ineffective assistance of counsel and conclude that they are without merit. We conclude that the evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's contention, the court properly allowed a jailhouse informant to testify and admitted in evidence a videotape depicting defendant's purported confession to the informant. Defendant's request for a Cardona hearing, made near the end of the trial, was untimely (see CPL 255.20 [1]; People v Watson, 202 AD3d 549, 550 [1st Dept 2022], lv denied 38 NY3d 1075 [2022]; People v Jackson, 48 AD3d 891, 893 [3d Dept 2008], lv denied 10 NY3d 841 [2008]). Defendant failed to establish good cause either for his failure to make a timely motion or for the trial court to nevertheless entertain the motion in the exercise of its discretion (see CPL 255.10 [1] [f]; 255.20 [1], [3]; People v Green, 121 AD3d 808, 810 [2d Dept 2014], lv denied 25 NY3d 1164 [2015]; Jackson, 48 AD3d at 893). We note that nothing in the testimony of the jailhouse informant indicated that he was acting as an agent of the government, and thus his testimony was not amenable to suppression (see People v Bell, 191 AD3d 1308, 1310 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; see generally People v Cardona, 41 NY2d 333, 335 [1977]). With respect to the videotape, contrary to defendant's contention, the footage is not so "indistinct that the jury would have to speculate concerning [its] contents and would not learn anything relevant from [it]" (People v Jones, 208 AD3d 1632, 1632 [4th Dept 2022], lv denied 39 NY3d 986 [2022] [internal quotation marks omitted]).
We conclude that the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant also contends that the court erred in denying his request to proceed pro se. Defendant's application, made after four jurors had been selected and sworn, was untimely, and thus the court did not abuse its discretion in denying it (see People v Crespo, 32 NY3d 176, 178 [2018], cert denied — US &mdash, 140 S Ct 148 [2019]; cf. People v Barksdale, 191 AD3d 1370, 1371-1372 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]). We reject defendant's contention that he requested to proceed pro se approximately one month earlier in a letter to the court. Defendant never requested to proceed pro se in that letter and instead asked only for substitute counsel. There was therefore no unequivocal request to proceed pro se at that time (cf. People v Lewis, — NY3d &mdash, 2025 NY Slip Op 03011, *3-4 [2025]; see generally People v Silburn, 31 NY3d 144, 150-151 [2018]; People v McIntyre, 36 NY2d 10, 17 [1974]). Defendant further contends that he requested to proceed pro se through statements made by his defense counsel three weeks before trial. That contention is raised for the first time in defendant's postargument submission and is therefore not properly before us (see People v Wassell, 171 AD3d 1499, 1500 [4th Dept 2019], lv [*4]dismissed 34 NY3d 1020 [2019]; see generally People v McMurtry, 224 AD3d 1310, 1310-1311 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Reeder, 221 AD3d 1592, 1594 [4th Dept 2023], lv denied 41 NY3d 944 [2024]).
Defendant's contention that the sentence is vindictive is not preserved for our review and, in any event, is without merit (see People v McCullough, 128 AD3d 1510, 1512 [4th Dept 2015], lv denied 26 NY3d 1010 [2015]; People v Williams, 125 AD3d 1300, 1302 [4th Dept 2015], lv denied 26 NY3d 937 [2015]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court